IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRISTOPHER D. SMITH, on behalf of
himself, and on behalf of all of those who
may, in the future, be arrested by the Lee
County Sheriff's Department or the Tupelo
Police Department, and all of those who may,
in the future, be detained in the "Holding
Area" or "Drunk Tank" of the Lee County Jail                    PLAINTIFF

vs.                                                              No. 1:05CV266-D-D

CITY OF TUPELO, MISSISSIPPI; et al.                             DEFENDANTS

OPINION DENYING MOTION FOR CLASS CERTIFICATION

Presently before the court is the Plaintiff's motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Upon due consideration, the court finds that the motion should be denied.

A. *Factual Background*[1]

The Plaintiff was arrested by the Defendant City of Tupelo on January 2, 2005, for possession of methamphetamine; after being booked, he was placed in a holding cell at the Lee County Jail with other pretrial detainees. After attending a hearing in front of Justice Court Judge on January 5, 2005, the Plaintiff was returned to the Jail where he suffered a broken jaw in an altercation with other inmates. The Plaintiff was sent to the emergency room at North Mississippi Medical Center (NMMC) and was then released from the Jail on January 7, 2005. He underwent surgery at NMMC on January 13, 2005.

---

[1] When ruling upon a motion for class certification, the court does not examine the merits of the plaintiff's claims; furthermore, the substantive allegations contained in the plaintiff's complaint are taken as true. Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 177-78, 94 S.Ct. 2140, 2152-53, 40 L. Ed. 2d 732 (1974); In re Catfish Antitrust Litigation, 826 F. Supp. 1019, 1033 (N.D. Miss. 1993).

The Plaintiff filed his complaint in this putative class action lawsuit on October 18, 2005, seeking individual monetary damages and asserting various causes of action against the Defendant, including awarding injunctive relief on behalf of a plaintiff class. The Plaintiff subsequently filed the current motion seeking to certify a class of individuals who "may be arrested by the Lee County Sheriff's Department or the Tupelo Police Department in the future" and to award injunctive relief to the class. The Defendants have responded to the motion for class certification and the motion is now ripe for adjudication.

### B.  Discussion

#### 1.  General Principles

The Plaintiff must meet the prerequisites set out in Rule 23(a) of the Federal Rules of Civil Procedure in order to maintain this suit as a class action, and the burden is on the Plaintiff to establish the existence of those prerequisites. Fed. R. Civ. P. 23; See Applewhite v. Reichhold Chems., Inc., 67 F.3d 571, 573 (5th Cir. 1995) (holding that burden of proof is on party seeking class certification); Moore Video Distribs., Inc. v. Quest Entertainment, Inc., 823 F. Supp. 1332, 1338 (S.D. Miss. 1993) ("[P]laintiff must make a prima facie showing in its pleading that it satisfies rule 23."). While the court has wide discretion in deciding whether to certify a class action, the court should not do so unless satisfied, after "rigorous analysis," that all prerequisites have been met. Applewhite, 67 F.3d at 573.

To qualify as a class action, the proposed class must initially meet all four requirements of subdivision (a) of Rule 23, commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation." Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on

> behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Here, the court finds that the Plaintiff is unable to establish Rule 23(a)'s very first requirement, numerosity. Accordingly, the court finds that the Plaintiff's motion to certify class must be denied.

## 2. Numerosity

To be certified, a proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Practicability of individual joinder is the main focus of this requirement, but a court may also consider other factors including the number of claimants and the nature of the action. See Watson, et al. v. Shell Oil Co., 979 F.2d 1014, 1022 (5th Cir. 1992) (noting that numerosity requirement imposes no mechanical rules).

In the case *sub judice*, the Plaintiff has presented no evidence whatsoever that his proposed class is so large that joinder of all members is impracticable. Instead, the Plaintiff simply states that "[j]oinder of a large number of future unknown class members is impossible," and "[n]umerous persons will be arrested each year in the future by Lee County and by the Tupelo Police Department."

It is axiomatic that in order to satisfy Rule 23(a)'s numerosity requirement, the Plaintiff must "demonstrate some evidence or reasonable estimate of the number of purported class members." Pederson v. Louisiana State Univ., 213 F.3d 858, 868 (5th Cir. 2000); see Fleming v. Travenol Laboratories, Inc., 707 F.2d 829, 833 (5th Cir. 1983) ("Here we have no factual basis for determining

whether the numerosity requirement has been met. The mere allegation that the class is too numerous to make joinder practicable, by itself, is not sufficient to meet this prerequisite."); Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030, 1038 (5th Cir. 1981) (denying class certification for failure to satisfy numerosity requirement).

Much like the plaintiff in Fleming, the Plaintiff here has merely alleged, in conclusory fashion, that the proposed class is too numerous to make joinder practicable. As noted above, such allegations, standing alone, are plainly insufficient to satisfy Rule 23(a)'s numerosity requirement. See Fleming, 707 F.2d at 833 (allegation that "the class is so numerous that it is not possible to estimate its size" deemed insufficient to satisfy numerosity requirement). Faced with such a complete lack of data or evidence as to the numerosity of the proposed class, the court finds that the Plaintiff has failed to meet the numerosity requirement. Accordingly, his motion for class certification is denied. This case shall proceed as an individual action.

A separate order in accordance with this opinion shall issue this day.

This the 2nd day of October 2006.

/s/ Glen H. Davidson
Chief Judge